WESLEY DOBBS *v.* RICHARD W. CHANDLER, ADMINISTRATOR,
ET AL.

1. ESTATE OF DECEDENTS. *Last illness. Nursing. Code* 1892, § 1965. *Life insurance. Exemption.*

 A claim for nursing a decedent in his last illness is a debt against him, and the proceeds of a life insurance policy, exempt from the debts of the decedent under Code 1892, § 1965, is not chargeable therewith.

2. SAME. *Funeral expenses. Attorney's fees. Code* 1892, § 1957.

 The funeral expenses of a decedent and an administrator's attorney's fee for the conduct of the administration are not debts against him, and the administrator of his estate may pay the same with the proceeds of a life insurance policy which is exempt from liability for his debts.

FROM the chancery court of, second district, Chickasaw county.

HON. HENRY L. MULDROW, Chancellor.

The questions in this case arose thus: Chandler, administrator of the estate of Lee W. Dobbs, deceased, collected five hundred dollars on a policy of life insurance on the life of the decedent, payable to the administrator of the insured. Wesley Dobbs, appellant, the sole heir of the decedent, petitioned

the court in which the administration was pending for a decree ordering the administrator to pay over to him the whole of the insurance money as exempt property, under Code 1892, § 1965, providing that the proceeds of a life insurance policy on the life of a decedent shall be exempt to the extent of five thousand dollars, etc. The administrator answered the petition showing that there was a necessity for the administration; that the funeral expenses of the decedent had been paid by him out of the fund in question, and claiming the right to retain a sufficient sum to pay his attorney's fee in the administration case.

One Elizabeth Kirsky, an appellee, also filed a petition in said cause against the administrator and appellant Dobbs, propounding a claim for nursing the decedent in his last illness, and praying for a decree ordering the administrator to pay her claim out of the insurance money. The estate of the decedent consisted only of said insurance fund.

From a decree approving the administrator's payment, out of the insurance money, of the funeral expenses, and authorizing him to pay his own attorney's fee and Miss Kirsky's bill for nursing the decedent, Wesley Dobbs, sole heir of the decedent, appealed to the supreme court.

*L. P. Haley,* and *Cowles Horton,* for appellant.

It is proved that the appellant, Wesley Dobbs, is the sole heir at law of Lee W. Dobbs, deceased, and that the proceeds of the life insurance, the money in question, is payable to the executor or administrator of the insured.

Appellant is proceeding under § 1965, Code 1892. This section says "the proceeds of a life insurance policy, not exceeding $5,000, payable to the executor or administrator of the insured, shall inure to the heirs or legatees, freed from all liability for the debts of the decedent."

The case at bar is governed by *Coates* v. *Worthy,* 72 Miss., 575.

The proceeds of a life insurance policy, under §§ 1964, 1965, Code 1892, goes to the heirs by purchase. *Cozine* v. *Grimes,* 76 Miss., 294. (See 300.)

R. W. Chandler, one of the appellees, had no right to take out letters of administration on the estate of Lee W. Dobbs, deceased, as Wesley Dobbs, an adult, was the sole heir.

"The exempt personal property is no part of the estate to be administered, but descends directly under the statute." *Whitley* v. *Stephenson,* 38 Miss., 113; *Holliday* v. *Holland,* 41 Miss., 528; *Wally* v. *Wally,* 41 Miss., 657; *Grafton* v. *Smith,* 66 Miss., 408.

As the money is freed from all liability for the debts of decedent, title to it vests in heir immediately upon death of insured. *Jones* v. *Patty,* 73 Miss., 179.

Expenses of funeral and last illness are a debt of the decedent. 8 Am. & Eng. Ency. Law (2d ed.), 1024; Sharwood's Blackstone (1878), Book 2, p. 511; Croswell's Executors and Administrators, sec. 126.

*A. T. Stovall,* for appellees.

As to the first proposition, that the proceeds of this insurance policy is subject to a charge of reasonable funeral expenses, I beg to say, funeral expense is not a debt of the decedent, and so § 1965, Code 1892, has no application, neither has the case of *Coates* v. *Worthy,* 72 Miss., 575.

Section 1939, Annotated Code 1892, shows that our law recognizes preference claims, and that they should be paid in full, if possible, and § 1944, Code 1892, shows that the preference claims are to be deducted from the corpus of the estate in the administrator's hands before he shall declare the *prorata* share of each creditor, and of course the same is true before he could declare the share of an heir, because the creditor comes before an heir, except as to exempt property; and when I say exempt property, I mean property or money exempt from the debts of the decedent, which of course does not in-

clude expenses for the funeral and for the administration, because they are charges on the estate, incurred after decedent's death, and are inevitable and necessary in a Christian civilized government.

The decent burial of the dead is a matter in which the public have concern. It is against public health if it does not take place at all, and against a proper public sentiment that it should not take place with decency.

When the owner of some estate dies, the duty of the burial is upon the executor or administrator. From this duty springs a legal obligation, and from the obligation the law implies a promise to him, who, in the absence or neglect of the executor, not officiously, but in the necessity of the case, directs a burial, and incurs and pays such expense thereof as is reasonable. *Tugwell* v. *Heyman,* 3 Comp., 298; *Hatchett* v. *Curbows,* 59 Ala., 516; 8 Am. & Eng. Ency. Law, 1026, and authorities cited; *Donald* v. *McWhorter,* 44 Miss., 124; 2 Blackstone Com., 508; 2 Williams Exrs., 701; 3 Coke Inst., 202; *Fogg* v. *Holbrook,* 33 L. R. A., 660.

Now as to the second proposition, that the administrator is entitled to reasonable pay for his services in this behalf, this administration was necessary by reason of the very terms of the insurance policy, and, too, necessary by reason of the rules and regulations governing benevolent organizations, as well as the law of the land, so the administrator was entitled to reasonable compensation. Code 1892, § 1956.

Now as to the proposition that the administrator was entitled to a reasonable allowance for attorney's fee, this record itself demonstrates the necessity of employing counsel, and he is entitled to a reasonable allowance for this purpose. Annotated Code 1892, § 1957.

WHITFIELD, C. J., delivered the opinion of the court.

The funeral expenses are not a debt of the decedent within the meaning of § 1965, Code 1892. The considerations which

support this view and demonstrate the correctness of the chancellor's decree in allowing the administrator to pay the funeral expenses out of the $500 insurance money are obvious. The administrator was also entitled to a reasonable attorney's fee, but the claim for nurse's hire was a debt of the decedent, and ought not to have been taken out of this insurance money.

*The decree is affirmed in all things except as to the claim of Elizabeth Kirsky for nurse's hire, which was a debt of decedent. As to that it is reversed, and the cause remanded to be proceeded with in accordance with this opinion.*