John E. Bell v. Oliver W. Oates.

[53 South. 491.

**1.** Executors and Administrators. *Claims against estate of decedent. Evidence. Personal services.*

Claims for personal services rendered a decedent in his life time should not be allowed unless the evidence shows that the services were to be paid for under a contract, expressed or implied; and where the claimant and decedent contracted for services at a fixed compensation, mere declarations of the decedent expressing a willingness to pay for services being rendered are insufficient to show that such services were not contemplated by the contract, or to establish an agreement to pay extra for them.

2. Contracts. *Consideration. To perform duty.*

A promise to pay a person an additional amount for services which he was already under obligation to perform, is without consideration and not enforceable.

FROM the chancery court of Yazoo county.

HON. G. GARLAND LYELL, Chancellor.

Oates, appellee, was complainant in the court below; Bell, administrator, appellant, was defendant there. From a decree in complainant's favor defendant appealed to the supreme court. The facts of the case, as stated by ANDERSON, J., were as follows:—

The appellee, Oates, probated his claim against the estate of the decedent, Miss Moore, of which appellant, Bell, is administrator, for the sum of $300 for services "in attending upon, nursing, and caring for her during her last illness, for a period of three years, ending October 1, 1908." The court below allowed the claim to the amount of $100, from which decree the administrator appeals to this court.

The testimony offered on behalf of the appellee tends to establish the following facts, which for the purposes of this decision are taken as true: That the decedent, Miss Moore, and her cousin, Miss Ellison, both of whom were somewhat advanced in years, lived together, Miss Ellison owning the home and the land on which they lived, and Miss Moore being possessed of some money; that five or six years before the death of Miss Moore, which took place in 1908, the appellee, Oates, an unmarried man, lived with them, under a contract by which these ladies gave him lodging and board, and from eight to twelve acres of land to work, in consideration of his looking after their affairs about the place, providing fuel for fires, calling the doctor when necessary, etc.; that for a period of from twelve to fifteen months before the death of Miss Moore she was feeble, and confined to her bed a good portion of the time, and about six weeks before her death fell and broke her limb, and from that time until her death was very ill, and died from the effects of the injury; that during the last twelve or fifteen months of her life the appellee, in addition to the services he had theretofore performed, waited on her in

her sickness and did what was necessary for her comfort; that about six months before her death Miss Moore stated, while appellee was performing a necessary service for her on account 'of her sickness: "I am sorry Oliver [referring to appellee] has this to do, and he a young man, but we can't do any better. We can't get another living soul, and I will see that he is paid."

On behalf of the estate it was shown by the witness Shilling, whose testimony is undisputed, that he had attended to the business affairs of Misses Moore and Ellison for many years before the death of the former; that, acting for them, he hired the appellee, in consideration of his lodging and board, and land to work, to be furnished him by them, "to stay there and take care of them, and in case of sickness they would have him to go after the doctor, and see after everything about the place, and wait on them."

*Barbour & Henry,* for appellant.

"One who cared for a decedent during her life under an agreement with a third person has no claim for services against the estate." *Montgomery v. Clark,* 46 S. W. 466; *Merwin's Appeal,* 72 Conn. 167.

"Where services rendered were based upon an express contract for a specified remuneration such contract must govern." 18 Cyc. 414; *Hallock v. Teller,* 2 Dem. Sur. (N. Y.) 206; *Whartman's Estate,* 19 Pa. Co. Ct. 143.

Where claim for services of board is made after the decease of the alleged debtor, the presumption obtains that payment was made, or that it was not intended to demand payment, and evidence to establish a claim for services against decedent's estate not made during life time must be other than mere loose declarations, and must clearly and distinctly establish a contract between claimant and decedent. *Kelly's Estate,* 6 Pa. Dist. 685; *Sayer's Estate,* 8 Pa. Co. Ct. 32; *In re Weaver,* 182 Pa. St. 349.

*E. L. Brown,* for appellee.

Considering all the circumstances of the case, the evidence of Schilling, the nature of the contract he testifies to, the compensation he was to receive, from whom the compensation was to be received, the chancellor's finding should not be reversed, even though Schilling had testified to a contract expressly providing for the services as a nurse. The chancellor had Schilling before him.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

Claims of the character of the one here involved, brought up for the first time after the death of the decedent, are looked upon by the courts with disfavor; and in order to maintain such a claim the evidence must clearly establish a contract, express or implied, between the claimant and decedent, providing therefor. *In re Weaver,* 182 Pa. 349, 38 Atl. 12.

Where a contract is shown, as in this case, by the terms of which the services to be rendered, and the compensation therefor, are fixed, and the claim is for additional compensation for services not contemplated by the contract, loose declarations of the decedent to a third person, expressing a willingness to pay the claimant for services then being rendered by him, are insufficient to establish, either that such services were not contemplated by the contract, or an agreement to pay extra therefor. Appellee, under the contract, was bound to render the very service he is making claim for; and, had it been shown that decedent expressly agreed to pay therefor an amount additional to that provided in the contract, such agreement would not be binding on her estate, because without consideration.

*Reversed, and decree here for appellant.*