**Fred SALMON, Appellant,**

v.

**Raymond SALMON et al., Appellees.**

No. 16733.

Court of Civil Appeals of Texas.

Fort Worth.

June 24, 1966.

Rehearing Denied Sept. 16, 1966.

Second Motion for Rehearing Denied
Oct. 7, 1966.

Paul Donald, T. B. Coffield, Bowie, Ernest May, Fort Worth, for appellant.

Earl C. Fitts, Nocona, Fillmore & Fillmore, and H. Dustin Fillmore, Wichita Falls, for appellees.

OPINION

LANGDON, Justice.

Fred Salmon, appellant, sued the legal heirs of his sister, Maria Hoben, deceased, the executors named in her will and the temporary administrators of her estate to recover the reasonable value of services alleged to have been rendered by him to Tom and Maria Hoben, a childless couple, during their respective lives. The cause of action grows out of an alleged oral contract entered into by Tom and Maria Hoben and appellant in 1920 under the terms of which Tom and Maria Hoben promised to will their entire estate to him in consideration of his moving nearby and rendering personal services to them during their respective lives. Tom Hoben died testate in 1940. The appellant was not mentioned in his will. His principal beneficiary was his surviving widow, Maria Hoben. Maria Hoben died testate on February 18, 1960. The principal beneficiary in her will was Raymond Salmon. Appellant claims he rendered the services required of him under said contract and is entitled to recover at least $142,700.00, the reasonable value thereof from the estate of Maria Hoben. Appellant alleges the personal services were to-wit: ranch hand, business manager and nurse from May 17, 1920, until the death of Maria Hoben on February 18, 1960, a period of 40 years.

The appellant's case was submitted to the jury on four special issues presumably as requested by him. None of his requested issues were refused. He made no objections to the charge prior to its submission. By its answers the jury found that (1) T. M. and Maria Hoben did not enter into the alleged agreement; (2) appellant performed valuable services for them, "between 1920 and February 18, 1960"; (3) such services were performed for and with the knowledge of T. M. and Maria Hoben; and (4) the reasonable value of the services rendered for such period was $27,500.00.

The court in sustaining the appellees' motion for judgment, and in rendering the

judgment it did, denied any recovery for appellant.

By four points of error the appellant contends that (1) the verdict affords no basis for the judgment, (2) it was error to deny him judgment for $27,500.00 according to the verdict, and (3) and (4) the evidence was not competent or sufficient to support the jury's finding that the alleged contract was never made. He takes the position that the alleged agreement was established as a matter of law.

We affirm.

In the case of Scott v. Walker, 141 Tex. 181, 170 S.W.2d 718 (1943), the Supreme Court of Texas in a fact situation similar to the one here involved pointed out the legal significance of establishing an oral contract in holding that, "While the contract is unenforceable by reason of the statute of frauds, it is nevertheless important to the plaintiff, suing for the value of services, to establish the contract, in order to show that the services were not gratuitously rendered and that the suit is not barred by limitation. (Cases cited.) Without proof of the contract, limitation begins to run from the time of the performance of the services. (Cases cited.)"

■ Under the Scott case, the appellant in this case not having established the contract failed to show that his services were not gratuitously rendered and that his cause of action for the reasonable value thereof was not barred by limitation. Moore v. Rice, Tex.Civ.App., 100 S.W.2d 973 (Eastland 1937, no writ history). In Martin v. De La Garza, Tex.Civ.App., 38 S.W.2d 157 (San Antonio 1931, Dismissed), it is stated;

"'"The rule is well settled that, where persons are living together as one household, services performed for each other are presumed to be gratuitous, and an express contract for remuneration must be shown or that circumstances existed showing a reasonable and proper expectation that there would be compensation." Rockowitz v. Rockowitz (Tex.Civ.App.) 146 S.W. 1070, 1071.'" To the same effect for persons related by blood or marriage see 62 Tex.Jur.2d 475, § 6, and cited authorities.

In the case at bar the persons involved were related by blood and marriage and living together as one ranchhold rather than household. They lived nearby in separate houses on and operated the same spread as ranch and farm partners. The appellant, by virtue of the location of the ranch roadway, of necessity passed by the Hoben home to the main road on trips to town. When he took his laundry to town he took the Hoben's laundry and brought it back with his. The mail and groceries were handled in the same manner. This is not an unrural thing to do. Persons in rural areas are neighborly and in particular when they are partners. They assist neighbors who are not partners with roundups, branding, fixing windmills and other chores and do it without compensation or the thought of expectation of it for neighbors who are short on hands, in ill health or otherwise unable to participate.

■ Since the appellant failed to establish the agreement, his only theory of recovery, by jury verdict the statute of limitations begins to run from the time any of such services are performed or commenced pursuant to the alleged contract. In the instant case the commencement date was May 17, 1920. Because of his failure to establish the contract by verdict the appellant is limited to recovery only for that period not barred by the statute. He failed to request in substantially correct form, or in any form, a pertinent element of his cause of action. It is presumed on appeal that the trial court found facts necessary to support its judgment. As reflected elsewhere in this opinion there was ample evidence to support such findings and specifically that he rendered no services to Maria Hoben during the remaining years of her life and in particular the period not barred by limitation. We find no evidence or insufficient evidence to support a finding to the contrary. Had the appellant's alleged

agreement been established by jury verdict he would have been entitled to recover the reasonable value of his services for the entire period, 1920 to 1960. Having failed he may recover compensation only for the service rendered during the period not barred by the two year statute of limitations. Article 5526, § 4, Vernon's Ann. Tex.Civ.St. The appellant plead, tried and submitted his cause of action solely on the right to recover the reasonable value of his services for the entire 40 year period pursuant to the alleged oral agreement. He sought no alternative recovery for the services, if any, for the period not barred.

■ The appellant relied solely on the alleged oral agreement. He did not plead in the alternative for recovery on quantum meruit for the value of his services for the period not barred. Since he requested no issue thereon and obtained no jury finding as to the reasonable value of his services for such period he is not entitled to any recovery. The appellant chose instead the all or nothing route and failed.

Article 5538, V.A.T.S., would toll the statute of limitations for a period of twelve months following the death of the decedent. The appellant states in his brief, assuming certain facts to be true, that he was entitled to judgment for at least the value of his services for "10 months and 28 days before Mrs. Hoben died."

At this point in appellant's brief there appears a most pertinent and succinct statement, "The trouble was, there was no verdict nor requested issue how much that was." Both parties claim it was the duty of the other to request a fifth issue inquiring as to the value of services for the period not barred. The appellant contends that appellees waived their plea of limitation in failing to request such issue or one as to how much of the $27,500.00 was barred and therefore he is entitled to judgment for the entire amount of $27,500.00. This because limitation is defensive and the party relying thereon must request submis-sion of any fact issue raised by the evidence with respect to the bar.

■ We disagree with appellant's conclusion and are of the opinion that under this record he is neither entitled to judgment for $27,500.00 or another chance to try his law suit. The appellant in his brief confesses that none of the cases cited by him "ruled upon facts like ours."

■ In order to recover on quantum meruit for personal services expended in behalf of another, the reasonable value of the services performed must be alleged and proved. Parks v. Kelley, Tex.Civ.App., 126 S.W.2d 534 (Amarillo 1939, no writ history); Pearson v. Laws, Tex.Civ.App., 174 S.W.2d 62 (Austin 1943, no writ history). In the latter case the court held that judgment for plaintiff in an action by a daughter for reasonable value of services rendered to her father in his lifetime was improperly rendered where evidence did not fix any value of services sued for on which jury verdict or judgment could be based.

"In suits to recover on a quantum meruit, as in other cases, only such matters are in issue as have been raised by the pleadings of the parties. * * *" 62 Tex.Jur.2d 495, § 18 (citing Manett, Seastrunk & Buckner v. Terminal Building Corp., 120 Tex. 374, 39 S.W.2d 1, 77 A.L.R. 1122); continuing in the same text, "In accordance with general rules, the pleadings and proof must correspond; a material variance will prevent a recovery. When the plaintiff relies solely on an express contract he cannot recover on a quantum meruit, but must prove performance of that contract (citing Gammage v. Alexander, 14 Tex. 414; Jones v. Brazile, White & W.Civ.Cas.App., § 299) * * * If the plaintiff has also declared on a quantum meruit in the alternative, he can recover on either count that is properly pleaded and supported by the proof." See cited authorities which include Johnson Aircrafts v. Eichholtz, Tex. Civ.App., 194 S.W.2d 815 (Fort Worth 1946, ref., n. r. e.), and Whiting v. Dugan,

39 S.W. 148 (Court of Civ.App. of Tex., 1896, error ref.).

■ The appellant failed to allege, prove or request an issue as to the value of his services for the unbarred period. He therefore has no basis for recovery. Having failed in this respect and having made no objections to the charge prior to submission he has waived same. He may not urge them for the first time on appeal. Rules 274 and 279, Texas Rules of Civil Procedure; Stuckey v. Union Mortgage & Investment Company, Tex.Civ.App., 383 S.W.2d 429 (Tyler 1964, ref., n. r. e.); Texas Employers' Insurance Ass'n v. Neuman, Tex., 379 S.W.2d 295 (1964).

" * * * an essential prerequisite to liability in quantum meruit is the acceptance of benefits by the one sought to be charged, rendered under such circumstances as reasonably to notify him that the one performing the services was expecting to be paid compensation therefor. It follows that not every acceptance of another's services will imply an intent on the party of the beneficiary to pay therefor; certainly no promise to pay will be inferred where the facts are inconsistent with that inference. * * * " 62 Tex.Jur.2d 470, § 4.

"The law as to quantum meruit rests on the principle that a person will be compelled to pay for services if he stands by and permits another to render those services under such circumstances as to convince any reasonable man that they were being done with the expectation of being paid for them and no effort is made to prevent the rendition of the services. Where services are rendered by one person for another, that are knowingly and voluntarily accepted, the law presumes, as a general rule, that the services were given and received in the expectation of being paid therefor, and implies a promise to pay their reasonable worth. On the other hand, where the circumstances tend to show that there was no expectation of payment, or that the services were rendered with the understanding that they were to be gratu-

itous, the law will not imply a promise to pay. Thus, if services are rendered in expectation of remuneration by a legacy, and there is nothing in the conduct or language of the person benefited to induce such an expectation, the services are deemed to be voluntary and gratuitous. And where the relation of the parties is such that a contract to pay for services would be a breach of good faith and illegal, no contract to pay will be implied from an acceptance of the services." 62 Tex.Jur.2d 472, § 5.

There is testimony that all of the boys, including appellant, were attentive to Mrs. Hoben. Certainly all of the services and kindnesses which were bestowed upon Maria Hoben by her brothers and other relatives was *for* and *with her knowledge* but not with the expectation of receiving compensation therefor, with the exception of the appellant. There was no issue or finding that the services, if any, accepted by Maria Hoben from appellant during the last years of her life were rendered under such circumstances as reasonably to notify her that she was to pay compensation therefor. Any one of her brothers or other relatives could have qualified under the wording of the fourth issue for the value of services not conditioned on the finding of an express oral contract.

■ The record did not justify conclusions that the Hobens knew or had any reason to believe that the appellant expected remuneration for his services. Such services must be actually bargained for. See 7 A.L.R.2d 117 and cases cited thereunder.

" * * * in Hoyle v. Smith (1917) 113 Miss. 729, 74 So. 611, it is declared that the evidence sufficient to overcome the presumption of gratuity arises as to services rendered by one member of a family to another should be 'clear and positive' to prevent fraudulent claims against the estate of decedents brought forward by relatives for the first time after the death of the party whose estate is sought to be charged, and that such after-death quantum meruit,

open-account claims should be viewed with suspicion. See also Bell v. Oates (1910) 97 Miss. 790, 53 So. 491." 7 A.L.R.2d 27.

The evidence was neither clear nor positive in support of the agreement alleged by appellant. Under the facts in this record and the reasonable inferences to be drawn therefrom, the jury finding that no agreement was made has ample support.

■ Scott v. Walker, supra, in which the same defenses as here were plead, including limitations, was submitted on three issues, none of which specifically pertained to limitation. The jury found that personal services as housekeeper and nurse were rendered *at the special instance and request* of A. E. Bower (emphasis ours). By the second issue the jury was asked to find the reasonable value of the services, if any, for each of the years 1925 to 1939, inclusive. The court stated, "the alleged agreement by Bower to devise the property * * * is an essential element * * * and having failed to establish the agreement, she can recover compensation only for the services rendered during the years 1938 and 1939," which were not barred by the statute of limitation. Such services however were rendered at the special instance and request of Bower. They were bargained for and not a gratuity. In the case at bar, the jury's finding of "no agreement" eliminated the only basis for any recovery. The answers to special issues 2, 3 and 4 to the effect that valuable services were rendered during the period in question, with the knowledge and consent of the Hobens, of the reasonable value of $27,500.00 do not call for the making of a contract or as to a promise to pay for services either in property or in money. There is no finding that the services were rendered at the special instance and request of the Hobens. It would be difficult indeed to be the recipient of favors or kindnesses without knowledge thereof or consent. Rendering of a favor is not sufficient to put someone on notice that payment for such favor is expected. It does not constitute a finding

that such services were bargained for or that they were not gratuitously given.

Here the pertinent issue as to value was for services *"between* 1920 and February 18, 1960." (Emphasis ours.) It was not broken down into periods, including the one barred. The jury could very well have determined that the amount found was for the first and third ten year periods or for the first twenty years. Under the verdict the trial court had no basis for determining the amount earned, if any, during the period not barred, nor does this court. $27,500.00 averages $687.50 per year and approximately $57.29 plus per month for the 40 year period. But for which years or months is not established. Appellant was away from the area for extended periods of time during the entire period he claims such services were rendered.

Appellant and wife moved near the Hobens on May 17, 1920 and appellant and Tom Hoben became ranch partners and shared in the grain. This partnership continued until about 1938, at which time Hoben sold his interest in the cattle business to the appellant and the latter from that time on leased the land from Hoben and operated the ranch on his own. Mr. Hoben and his wife reserved for their own use the home and the grounds around it. They were not engaged in any farming or ranching operations.

It is undisputed that for one month in 1957, 12 months in 1958, 12 months in 1959 and one month and 18 days in 1960, a total of approximately 26½ months prior to Mrs. Hoben's death she received help which cared for her every need at a cost of $30,985.78 paid for out of her own funds.

During this period of her life, which includes the 10 months and 28 days for which appellant claims compensation for his services, Maria Hoben had domestic help to care for her yard and home, a nurse who cared for her physical needs and a guardian who took care of her business and supervised her care. Thus, appellant's

alleged services as ranch hand, business manager and nurse, particularly during the last two or three years of Maria Hoben's life, is not in keeping with the facts. As ranch hand the appellant served his own needs—and others served as business manager and nurse for Mrs. Hoben at her expense. This may explain why the issue on value of services was worded as it was and there was no pleading or requested issue on value for the period not barred by limitation.

We have carefully examined the statement of facts. It contains evidence sufficient to support a finding that the alleged contract was entered into. On the other hand there is ample evidence to support the jury's finding that it was not. Thus, an issue of fact was made which the jury resolved against the appellant.

The duty of this court is to consider the evidence and the inferences to be drawn therefrom in the light most favorable to the prevailing party. To accept as true that testimony and the reasonable inferences therefrom which tends to support the verdict. The jury was the judge of the facts proved and all reasonable inferences to be drawn therefrom. It was the judge of the credibility of the witnesses and the weight to be given their testimony. It was within their province to believe or not to believe the witnesses called by the appellant. The fact that they did not believe them cannot be altered by this court. Burba v. Lary, Tex.Civ.App., 296 S.W.2d 797 (Waco 1956, ref., n. r. e.) ; Associated Press v. Walker, Tex.Civ.App., 393 S.W.2d 671 (Fort Worth 1965, ref., n. r. e.), and authorities cited therein.

No worthwhile purpose can be served by a lengthy discussion of the evidence. Suffice it to say that witnesses for the appellant recalled statements of the deceased, Tom and Maria Hoben, to the effect that the agreement alleged was made and they described actions and conduct on the part of the appellant pursuant thereto tending to show that he had lived up to his end of the agreement. There was other evidence from persons who were intimately acquainted with the Hobens who had never heard mention of the alleged agreement but had heard expressions from the deceased indicating disposition of the estate in a manner contrary to the agreement.

As previously stated neither the will of Tom or Maria Hoben, both of which were executed subsequent to the alleged agreement, made any reference to it and the terms and provisions of each will were inconsistent with the terms of such an agreement. The testimony reflected that Mr. and Mrs. Hoben were persons of integrity, highly respected by their friends and the people of their community. That they were kind and generous. From the evidence as a whole the jury could readily draw the inference that Mr. and Mrs. Hoben were the kind of persons who would live up to any agreements made by either of them, including the one alleged, and that had such an agreement been made both of the wills would have contained some reference to it and in compliance therewith. But neither will did. Mr. Hoben left all of his estate to his wife. His will was made some years after the alleged contract at a time when he had no way of knowing he would predecease his wife. Yet his will contained no contingent provisions with reference to the alleged contract. Tom Hoben told one witness he was leaving everything to his wife and she could dispose of it any way she wished. In our opinion the case was fully developed and the evidence is more than ample to support the verdict of the jury and the judgment of the court based thereon. The judgment conforms to the pleadings and the verdict. The verdict is not so against the great weight and preponderance of the evidence as to be clearly wrong. In holding as we have there is no necessity to discuss the appellees' cross-points of error.

All of the appellant's points of error are overruled. Judgment is affirmed.

Affirmed.