McCULLY et al. v. McCULLY.

(Division A. May 25, 1936.)

[168 So. 608. No. 32118.]

W. A. **Strong, Jr.**, of Louisville, for appellants.

**Z. A. Brantley,** of Louisville, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

In December, 1932, Fannie Cooper died intestate, and some time thereafter F. D. McCully qualified as administrator of her estate. An account probated against her estate by the appellants was contested by persons interested therein, and the account was disallowed.

Fannie Cooper was insane and almost physically helpless. In 1921 the appellants received her into their home and thereafter supported and cared for her. She owned a tract of land from which a small revenue was derived. The taxes on this land were paid by the appellants.

The probated account sets forth a monthly charge of thirty-five dollars a month for board, nursing, clothing, care, and attention (which the evidence discloses is reasonable), and the taxes paid on the land, and was credited with the revenue derived from the land. The evidence does not disclose that the account should be credited with more than appears credited thereon. Fannie Cooper was an aunt of the appellants, and they were among her legal heirs. The appellants, not being competent witnesses, did not testify, but the evidence discloses, without conflict therein, that, when they received Fannie Cooper into their home and commenced to support her, they were under the impression, as were also several others of Fannie Cooper's heirs, with whom they entered into an agreement, that by doing so the appellants would be entitled thereby to receive the land as compensation for this support.

One of the objections to the probated account is that part of it is barred by the statute of limitations.

As Fannie Cooper was insane, no express promise of hers to compensate the appellants for supporting her was offered. Nevertheless, they are entitled to such compensation, for an obligation is imposed by law on an insane person, or his estate, to pay for necessaries furnished him in good faith under circumstances justifying their being furnished. 32 C. J. 739, 14 R. C. L. 586; Fitzgerald v. Reed, 9 Smedes & M. 94; Gross v. Jones, 89 Miss. 44, 42 So. 802. This obligation is the same as that imposed on an infant. Wants of an insane person, or of an infant, that are personal to body and mind, are necessaries within this rule. The only question that could be said to be open in this connection is whether the taxes here paid on Fannie Cooper's land are also within it. In Epperson v. Nugent, 57 Miss. 45, 34 Am. Rep. 434, the payment of a fee to an attorney who had represented an infant, without a guardian, in a litigation, thereby preserving the infant's estate, was held to be within the rule. The same reason for holding the payment of taxes here to be within it applies with equal, if not greater, force; for, had the taxes not been paid, the land might have been lost to Fannie Cooper, and her only source of revenue thereby destroyed. Cf. Woolbert v. Lee Lumber Co., 151 Miss. 56, 117 So. 354.

It cannot be here said that the appellants supported Fannie Cooper without any intention of charging her therefor. They expected to be compensated out of her estate by becoming the owners thereof at her death. It is manifest, therefore, that they did not intend to support her without compensation therefor; and the fact that they expected to, but cannot, obtain the land itself as compensation for her support, should not bar them from being paid therefor of its proceeds.

A portion of the account would be barred by limitation if the period therefor began on each item as and when it was supplied. But such is not the case. The

obligation assumed by the appellants when they received Fannie Cooper into their home was to continuously support her, with no time fixed for the termination thereof or for payment therefor. The statute of limitations, therefore, did not begin to run until the termination of that implied contract, which, here, was at her death. Gaulden v. Ramsey, 123 Miss. 1, 85 So. 109; 37 C. J. 853. This includes the payment of taxes which were paid as a contribution to the support and maintenance of Fannie Cooper.

The decree of the court below will be reversed, and a decree will be rendered here approving the account as probated, and the cause will be remanded.

Reversed and remanded.