LEE *v.* LEE'S ESTATE *et al.*

(Division B. Oct. 30, 1939.)

[191 So. 661. No. 33851.]

**Dabney & Dabney** and **T. J. Lawrence**, both of Vicks-burg, for appellant.

Clements & Clements, of Rolling Fork, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from the Chancery Court of Issaquena County from a contested claim probated by the appellant, Mrs. Annie G. Lee, against the estate of Mrs. M. S. Lee, deceased, of which estate, E. T. Lee, the husband of the appellant, is the administrator.

The account represented a claim for board and lodging, laundry, etc., for Mrs. M. S. Lee, deceased, from the year 1929 until the year 1936. (During which latter year Mrs. M. S. Lee died). The claim was contested on the ground that some of the items were not properly itemized on the probated account; that there was no liability on the part of the estate for the board, lodging and laundry

of Mrs. M. S. Lee, deceased, during that period, on the theory that there was no liability against the estate for such board, lodging, and laundry, and that items for such support from 1929 until 1933 were barred by the Statute of Limitations of three years, including all items more than three years prior to the death of Mrs. M. S. Lee, deceased.

E. T. Lee, the administrator, prior to the death of Mrs. M. S. Lee, his mother, had managed a farm in Issaquena County, Mississippi, belonging to his mother, and prior to 1929 had lived principally on that place, in the home with his mother. Mrs. Annie G. Lee, the wife of E. T. Lee, had a home in Winnsboro, Louisiana, and prior to the time Mrs. M. S. Lee moved to her home, she had a suit of separate property under a Louisiana proceeding, in which the home became her separate property and not subject to the demands or debts of her husband, E. T. Lee. About the year 1929, Mrs. M. S. Lee became sick or in ill health, and it was thought advisable for her to move into the home of the appellant, Mrs. Annie G. Lee, for proper care, attention, etc. E. T. Lee, the administrator, was the only witness who testified in regard to the matter, and he testified that Mrs. M. S. Lee, his mother, was unwilling to move into the home of Mrs. Annie G. Lee without paying a reasonable amount for her support and care, and that it was agreed that for board, lodging, laundry, etc., she would pay at the rate of $30 per month, but that there was no time for the durance of the contract and for its termination. The items with reference to board, laundry, etc., were made out for various periods of time. Items rendered among others similar, are as follows: Board, lodging, laundry, etc., 9-11-29 to 9-30-29, $19.34. Board, lodging, laundry, etc., October, November, December, 1929, $90, and similar items all through the period, charges being grouped by months, varying in numbers in different charges of the account, but running at the rate of $30 per month. On these probated accounts, in

support of which the usual affidavit was made, there appeared various items of credit for different periods amounting to $911.30, and charges for the various items, including board, lodging and laundry, amounted to $2,-422.64. Among the items charged in the account, other than the board, lodging and laundry, were the following: Drug bill to Harper, $49.55. Drug bill, cash (Monroe) $5.50. Rubber sheets, Street's Sanitarium, $4. Wash, November 27th to March 15th, 15 weeks at 50 cents per week, $7.50. Expense of trip of Mrs. Godwin's $4.25. Doctor bills, C. E. McConnell, $30. One feather bed remade, $4. One mattress, $4. Four pillows reticked, $1. And, then follows accounts for digging the grave, $5; casket and services of the Winnsboro Funeral Home, $67.50 and July 15, 1936, by a cash credit of $75; November 20, 1936, by cash credit of $53; December 1, 1936, credit by cash, $31.87; and December 24, 1936, by cash, $33.43.

It appeared in the evidence that E. T. Lee, in operating or managing the place of Mrs. M. S. Lee, collected certain monies and deposited them in the bank at Winnsboro in an account carried in the name of Mrs. Annie G. Lee, but which account E. T. Lee testified was a joint account, and both he and Mrs. Annie G. Lee could check against the account, but that all monies placed in the account from the proceeds of the place of his mother were checked out by him, and his wife received no part of such funds deposited in that account. One check for $132, made payable to Mrs. M. S. Lee, for a right of way for an oil company was collected by E. T. Lee, which check was endorsed by E. T. Lee for her and for himself and collected. Another account for damages, occasioned by taking a right of way over property of Mrs. M. S. Lee, was made payable to Mrs. M. S. Lee and deposited in the account of Mrs. Annie G. Lee, and, as was testified to by E. T. Lee, was checked out by him and no part thereof was received by Mrs. Annie G. Lee.

The chancellor disallowed the probated claim of Mrs. Annie G. Lee, and this appeal is prosecuted from that decision.

It is contended by the appellees William A. Lee, Eugene M. Lee and Olivia Lee, who are grandchildren of the deceased (being children of the son of the deceased, who predeceased his mother), that the duty rested upon E. T. Lee to support his mother, and for that reason the claim of Mrs. Annie G. Lee could not be allowed. The statute referred to in the brief as the basis of this contention is the Civil Code of the State of Louisiana, Revision of 1870, Article 229, old Article 245, Code of Napoleon, 205-207, which reads: ''Children are bound to maintain their father and mother and other ascendants, who are in need; and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal''. This section does not, in our opinion, sustain the contention, for it is beyond dispute that Mrs. M. S. Lee owned property sufficient for her support, and that she was not in any legal sense in need. That term, as we believe, carries the meaning that persons in need are unable to support themselves and have not sufficient property for that purpose. It is not certain that the Louisiana Statute would control, because Mrs. M. S. Lee had a home and farm in Issaquena County, Mississippi, and her residence in Louisiana would not necessarily deprive her of her homestead rights in Mississippi under the circumstances involved in this record.

The Statute of Mississippi in regard to the duties of parents and children toward each other, in the way of support, in the case of need, is Section 5706, Code of 1930, which reads as follows: ''The father and grandfather, the mother and grandmother, and brothers and sisters, and the descendants of any pauper not able to work, as the board of supervisors shall direct, shall, at their own charge, relieve and maintain such pauper; and, in case of refusal shall forfeit and pay the county the sum of

ten dollars per month, for each month they may so refuse, to be recovered in the name of the county; and shall be liable to any person who supplies such poor relative, if abandoned, with necessaries, not exceeding said sum per month; and if any such relative be a non-resident he may be proceeded against by attachment, as in cases of attachment against debtors". It is clear from this that the duty is limited to cases of paupers and the common law obligation is not changed any further than the needs of the pauper parent or pauper child require for comfortable living, and does not apply to those who are able to support themselves, either by labor or by having sufficient property for such support.

At common law, there is no obligation for such support. It is stated in one of the briefs that the chancellor entertained the view that there was no liability for the items for board, lodging and laundry, because it was the duty of E. T. Lee, the son, to furnish his mother these things, and that, as she lived in the home of his wife, the claim could not be allowed. There is nothing to show that either Mrs. M. S. Lee or Mrs. Annie G. Lee were incompetent to contract, and certainly there was no obligation on Mrs. Annie G. Lee to support her husband's mother. Even if the obligation existed upon E. T. Lee to support his mother, under the facts of this record, that would not prevent his mother and his wife from making the contract such as was here made.

In the case of McCully et al. v. McCully, 175 Miss. 876, 168 So. 608, it was held that where an insane person had an estate, that such estate of the insane person is obligated to pay for the necessities furnished such person in good faith under circumstances justifying their being furnished. That the wants of an insane person which are personal to body and mind are "necessaries" within the rule requiring insane person or his estate to pay for necessaries furnished him in good faith. That where relatives receive an insane person into their home, obligate themselves to support him indefinitely, without

fixing time for payment therefor, the Statute of Limitations would not commence to run against the relative's claim against the estate until death of such person. That relatives who received aged insane aunt into their home, and thereafter supported and cared for the aunt, were entitled to reimbursement from the aunt's estate, upon her death, for taxes paid by relatives on the aunt's property, as well as for board, nursing, clothing, care, and attention.

A similar holding was Gaulden v. Ramsey, 123 Miss. 1, 85 So. 109. In each of these cases it was held that the Statute of Limitations did not begin to run until the death of the person supported, because there was no definite time for the termination of the contract and the obligation was continuing.

These cases control the case at bar upon the question of support, and upon the Statute of Limitations as applied to such claims; and we think the chancellor was in error in disallowing the items for board, lodging, laundry, etc., embraced in the contract. There is no dispute in the evidence that the appellant made the contract testified to by E. T. Lee, her husband, and that she carried out her part of the contract, and consequently she was entitled to have her claim for board, lodging and laundry through the period allowed.

The other items in the account are not shown to have been charged to Mrs. Annie G. Lee, or that she had, prior to their payment, incurred a personal liability therefor, or that she was charged therewith; and, consequently, the law requires those items to be itemized, and the account therefor probated in an appropriate manner. The decree of the chancellor disallowing these items is affirmed. The items incurred in connection with the hospital bill, and the funeral home, etc., were chargeable against the estate and would not have to be probated, as they were incurred in connection with the burial of the deceased, for which her estate was liable.

The record reflects possible irregularities by the administrator in paying some of these items before being probated, but this case does not involve any liability on the part of the administrator for any misconduct. The claim of the appellant was probated within the time provided by law, and the estate should bear expenses of the items indicated in this opinion.

For the errors indicated, the judgment will be reversed and the cause remanded.

Reversed and remanded.