In Re Hutchinson's Estate.
Moffett, et al. *v.* Hutchinson, et ux.

No. 41129          April 20, 1959          110 So. 2d 926

*Abston, Buckley & Beard*, Meridian, for appellants.

*Maurice R. Black,* Carrollton, for appellees.

GILLESPIE, J.

Mrs. Arbie N. Hutchinson, herein called decedent, died December 27, 1953. R. D. Hutchinson, decedent's son, was appointed administrator of her estate some considerable time after death. R. D. Hutchinson's wife, Alma, herein called claimant, filed a claim for $600 for nursing and caring for decedent for the last year of the latter's life. The heirs of decedent, other than R. D. Hutchinson, contested the claim. After hearing the evidence, the chancellor allowed the claim for $600, and ordered sold 30 acres of land owned by decedent when she died so as to raise the funds to pay the claim. The question is whether the chancellor was justified in finding that there was an implied contract between claimant and decedent that the former should be compensated for the services rendered. We state the evidence in the light most favorable to claimant since the chancellor resolved any conflicts in claimant's favor. Actually, there is little conflict in the testimony.

Decedent's husband having previously died, her son, R. D., and his wife, the claimant, moved into the house with decedent in 1947. In 1948, decedent suffered a stroke from which she partially recovered. About a year or a year and a half before decedent's death, she became mentally incompetent. From 1948 until decedent's death, claimant looked after and cared for her until her death December 27, 1953, except for one period when claimant was away on a vacation. During the last year or more of decedent's life, she was helpless and bedridden most of the time. Claimant cared for decedent as one would care for a baby. She changed her clothes, cooked for her, fed her, nursed her. Neighbors assisted some and the other children made visits, but the burden of the constant care was claimant's. Decedent had an income of $60 a month, apparently a pension, but this was insufficient to pay for her medicine, doctors, and the food she ate. Decedent also owned the home where they all lived, it being situated on the 30 acres of land already mentioned. It was clearly established by a number of witnesses, all but one disinterested, that on a number of occasions before decedent became mentally incompetent, she stated in the presence of claimant that she wanted claimant to have what she had when she died in return for claimant's services in taking care of her.

One of the cases relied upon by appellant is In Re Burkett's Estate, 185 Miss. 354, 186 So. 834. In that case, there was no express promise to pay claimant for the services rendered. The court said that claimant could recover only by proving (1) that she rendered the services with the expectation of receiving compensation therefor, and (2) (a) that the deceased knew of this expectation and accepted the services, or (b) accepted the services under circumstances which would indicate to a reasonable man that they were offered with the expectation of compensation. It was also held that between members of the same household living together

in a relationship similar to blood relatives an inference of fact arises that the services were rendered without expectation of compensation. In that case, the claimant's case failed because (1) claimant said that it would not cost the decedent a cent to live with her and on one occasion refused payment for her services to decedent; therefore, the services were renderd without expectation on the part of claimant to receive compensation therefor, and (2) the intention of decedent to compensate claimant for her services was not communicated to claimant, and claimant could not have rendered the services in reliance thereon.

In the case under consideration, the chancellor was fully justified in finding that because of the statements of decedent made in the presence of appellee the latter expected to be reimbursed for her services, and that decedent reasonably knew that appellee expected payment for her services. This was sufficient to raise an implied contract that appellee would be compensated on a quantum meruit basis. Cf. In Re Estate of Whittington, 217 Miss. 457, 64 So. 2d 580. On the question whether decedent's promise to leave her property to appellee in return for services rendered justified a finding that appellee expected to be compensated for her services, see McCully v. McCully, 175 Miss. 876, 168 So. 608.

Affirmed.

*McGehee, C. J.,* and *Roberds, Lee* and *Ethridge, JJ.,* concur.