Mr. Justice Clayton,
delivered the opinion of the court.
This is a bill filed to rescind a contract, upon the ground of mental incapacity of the complainant.
An issue was directed by the vice chancellor, to try the fact whether the complainant were of sound mind, and the verdict of the jury was that the party was of unsound mind, at the time the contract was made. This verdict was not set aside, and yet the bill was dismissed. From this decree the cause comes by appeal to this court.
We have examined the testimony before the jury with much care, and think it fully sustains the finding in the case.
The contracts of persons non compotes mentis, are, if not wholly void, at all events voidable, unless when they relate to necessaries suited to their condition in life. Comyn’s Dig. D. 1, 2; Chitty Con. 110. The contract in this case was for the purchase of a tract of land. The case of Niell v. Morley, 9 Vesey, 478, which was mainly relied on in argument to justify the decree, seems to proceed upon the ground of a discretion in the court of Chancery to set aside the agreement, or not, as it might deem expedient. The right to relief in equity, was thought to depend upon the legal discretion of the court, and as that was a case of peculiar hardship and inconvenience, free from all fraud on the part of the defendant, *103 the court refused to interfere, and left the parties to their remedies at law.
We very much doubt the correctness of this decision. When the fact of an incapacity to make a legal contract is established, the contract, unless in certain excepted cases, is avoided. That is a legal consequence, as it seems to us, depending upon the discretion of no court or judge.
In rescinding the contract, however, the court ought to place the parties in the situation they respectively occupied before it was entered into, as nearly as practicable. Whatever benefit the lunatic or his estate may have received in consequence of the contract must be given up. Loomis v. Spencer, 2 Paige R. 158.
The decree must be reversed, the cause remanded, and the bill re-instated. An account must be taken of the amount paid by the complainant, and of any amount received by him by virtue of compromises made with purchasers of lots from him, and for the sale of wood from the premises made by him, and of all benefits received by him from the purchase. The land to be re-conveyed to the defendant, a balance struck between the parties, and a decree for such amount as may be due from either to the other. Costs in court below to be paid by complainant.
Decree reversed.