MARTIN *et al. v.* DE JARNETTE.

(Division B. March 13, 1939.)

[187 So. 202. No. 33619.]

Glenn Fant, of Holly Springs, for appellants.

**Dean Belk,** of Holly Springs, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Mrs. DeJarnette is administratrix of the estate of her deceased uncle, John Martin. The estate is insolvent and so declared by the chancery court. The personal property of the estate consists of farm implements and stock and household and kitchen furniture, inventoried at $409.50.

Appellant, J. N. Martin, claimed title to one mule inventoried as part of the estate, and as next friend for his brother, T. W. Martin, alleged to be non compos mentis, claimed title to a one-half undivided interest in the balance of the property inventoried. And, in addition, J. N. Martin probated and sought to have allowed against the estate a claim of $150, which he contends was owed him by his deceased brother. The court disallowed

all three of the claims. From that decree, this appeal is prosecuted.

The administratrix petitioned for an order of the court to sell the estate, real and personal, to pay debts. Process on the petition was served on all necessary parties, among whom are appellants. In answer to the application to sell, appellants made the claims above referred to.

John Martin, the deceased, and his brother, T. W. Martin, were elderly bachelors, perhaps in their seventies. They lived together on a little farm in Marshall County, consisting of about 126 acres, and had so lived for a good many years. About twenty-six acres of the land belonged alone to John Martin, the deceased. Eighty acres of the land belonged to the deceased, his brother, T. W. Martin, and a sister of theirs, Mrs. Fick, each owning a one-third undivided interest therein. The evidence tended to show that T. W. Martin was a non compos mentis and had been since he was sixteen years of age. They worked the farm with their own hands, except sometimes they had a wage hand and sometimes a tenant. John Martin did the housework including the cooking, and, on account of ill health, had done but little work in the field for some years. T. W. Martin did most of the work on the outside. He worked in the field, cut the firewood, and did other necessary farm work. However, he did no plowing on account of the fact that he was inclined to be cruel to livestock, which was attributed to his mental condition. They managed to make the bare necessities of life. They were sometimes assisted by their sister, Mrs. Fick. The evidence tended to show that the entire probated indebtedness charged against the estate of John Martin was incurred on behalf of both of them.

T. W. Martin had not been adjudicated a non compos. At the beginning of the trial the court ruled that without such an adjudication his brother, J. N. Martin, had no right to appear in his behalf in the capacity of next friend, but that his claim would be retained signed by his solicitor. This was done. There followed a full hear-

ing on the evidence pro and con. The chancellor held that the evidence was insufficient to establish either J. N. Martin's claim to the mule or T. W. Martin's to one-half undivided interest in the personal property; that the burden was on them to establish their claims by preponderance of the evidence, which burden they had failed to meet. This is not a case where it can be said with confidence that the chancellor's findings were against the overwhelming weight of the evidence.

And furthermore, if each of the brothers owned a one-half undivided interest growing out of an implied partnership between them, as contended, the same result would follow. Hines v. Potts, 56 Miss. 346. The evidence of such a partnership tended to prove with equal force that the indebtedness incurred in the joint enterprise was for the benefit of both partners, and that it was for necessaries suited to their condition. An insane person under the law is liable for necessaries. Fitzgerald v. Reed, 9 Smedes & M. 94, 17 Miss. 94.

There was no harmful error in the court's requiring T. W. Martin to appear by attorney, and refusing to permit him to appear by next friend on the ground that he had not been adjudicated non compos mentis. An insane person is the ward of the chancery court. In other words, the chancery court is his guardian. Martin's attorney acted for him with the approval of the court. It is immaterial whether he was designated as attorney or next friend.

J. N. Martin's probated claim for $150 was for a doctor's bill incurred by the deceased in his last illness. The proof of the claim was made by J. N. Martin alone. He claimed to have paid the physician to whom the indebtedness was due. There was no evidence that J. N. Martin paid the claim at the request of the deceased. Such a claim under the law should be separately probated on the affidavit of the original creditor. The court, therefore, did not err in refusing to allow the claim. Gaulden v. Ramsey, 123 Miss. 1, 85 So. 109.

Affirmed.