McCULLUM *v.* GAVIN.

In Banc. April 11, 1949.

(39 So. (2d) 859)

Collins & Collins, for appellant.

**Deavours & Hilbun,** for appellee.

**Smith, J.**

The contest before us grew out of an alleged agreed settlement between Nancy McNair Moss, claiming to be an aunt of intestate Ada Bridges, and Sandy Gavin, apparently a cousin of the intestate. Nancy claimed the whole estate on the ground that she was the next of kin, and that Gavin was not entitled to inherit since he was too remotely related to the decedent, in view of her nearer kinship.

After various skirmishes in the progress of the administration of the Bridges' estate, by an agreed order, the nephew of Nancy McNair Moss was appointed by decree of the court to be co-administrator with Gavin; and without letters of administration, bond, or having taken the oath, he was recognized by the court and all concerned as co-administrator, and functioned as such.

Gavin later proceeded to buy all of the interests of all of the heirs in the estate, including the claim of Nancy McNair Moss. Thereafter, in lieu of a final account as administrator, he filed a petition asking to be discharged. Wesley McCullum was never discharged and never sought a discharge, although Gavin filed a motion to suspend his authority because he had never made bond, etc. This motion was not acted upon. The terms of the settlement between Gavin and Nancy McNair Moss were that he pay her $1,000 cash and execute a deed to a life estate in a two-story residence in the Negro quarters of the community. In consideration thereof she was to release to Gavin all claims to rights in the Bridges' estate. These things were accordingly done. The Bridges' estate consisted of approximately $7,000 in personal property and some real estate. The lower court never did determine the issue of the relationship of Gavin and Nancy, respectively, to the decedent, Ada Bridges.

In this situation, Wesley McCullum, describing himself as co-administrator, and upon the premise that he had been appointed to look after and represent especially the interests of Nancy McNair Moss, filed the present proceeding in the administration, praying for a cancellation of the foregoing settlement on the ground that Nancy was incompetent mentally to make it or agree to it, and that it was improvident and fraudulent. The amount of $1,000 and the deed from Gavin to Nancy conveying to her for life the real estate aforementioned were deposited with the clerk of the court to await the outcome of the litigation of this issue.

The learned chancellor heard the evidence with reference to the prayer of the petition thus filed by Wesley McCullum on behalf of Nancy McNair Moss, and on conflicting testimony upheld the agreement, and refused to cancel the settlement. In this conclusion, we think the chancellor was correct, but we cannot confirm his concurrent action in dismissing the petition filed by Wesley McCullum for Nancy McNair Moss on the ground that he was without jurisdiction to hear the petition by Wesley McCullum as co-administrator. The court cannot reject and exercise jurisdiction at the same time.

 It is not here a matter so much of jurisdiction, as we see it, but a matter of parties. The court had jurisdiction, and it is unimportant whether Wesley McCullum called himself co-administrator or not, since we look to the substance and not to the form of this pleading, and its patent purpose. Manifestly, its purpose was to seek for Nancy McNair Moss relief from what was considered an improvident and fraudulent compromise of her claim again the estate of Ada Bridges, assented to by her while incompetent. It was filed in the nature of the functions of a next friend to Nancy. If the court were without jurisdiction to consider this petition, then it was without jurisdiction to uphold and approve the settlement. In the case of Martin v. De Jarnette, 185 Miss. 76, 187 So. 202, the lower court refused to permit a next friend to represent an alleged non compos mentis because there had been no adjudication of the incompetency, but permitted an attorney to perform the same functions as a next friend would perform. The Supreme Court held that it was harmless error to refuse representation by next friend because the same duties were performed by the attorney. So, in this case, it seems to us that it is not necessary for us to decide the issue as to the status of Wesley McCullum as a co-administrator; and we do not decide it, since whatever he may have called himself, what he did was to perform the functions of a next friend to his alleged non compos mentis aunt. In the case of Union

Chevrolet Company v. Arrington, 162 Miss. 816, 138 So. 593, a guardian attempted to compromise a claim for a ward and the court granted the petition to that effect, but we held it did so without sufficient information of all the facts most favorable to the ward. Afterward, when a next friend for the ward sued the Union Chevrolet Company on the same claim and the defendant interposed a defense of settlement, we affirmed a judgment for the minor recovered by the next friend. In other words, it is the substance of the purpose sought for an incompetent or a minor that concerns the court. We repeat that in our judgment the purpose of this petition by Wesley McCullum, although in his name as co-administrator, was, as shown on its face, and as developed in the proof, wholly for the benefit of Nancy McNair Moss, and, therefore, his real character therein was that of next friend.

Therefore, we hold that the court was in error in dismissing the petition because of lack of jurisdiction. The court, however, did hear all of the conflicting evidence introduced by both parties, dealing with the issues raised by the petition.

With reference to the proof as to Nancy's competency, or incompetence, in making the settlement with Gavin, supra, her family physician, who was not a psychiatrist, testified that she had a stroke of paralysis which affected her mind, at the time of the agreement, to the extent that she could not carry on business matters, but on cross-examination stated that she could adequately understand anything explained to her. Her daughter, Ola, testified to the same effect. A very prominent white druggist of fine reputation acted as notary public in the execution of the papers involved in the compromise settlement, and stated that she was mentally capable of understanding and did understand what she did on the occasion of the actual execution of the papers. He read them over to her twice, and explained to her that if she made the settlement it would eliminate her entirely from the estate as to any interest therein. Gavin then suggested

that he re-read them to her, stating that he did not want to take advantage of her and wanted her to understand. Again, the notary read the papers to Nancy, and, again, explained them to her. A colored undertaker of the community was present as a witness and corroborated this testimony, stating that Nancy not only understood what she was doing, but was glad to make the settlement. The settlement was approved by her attorneys representing her at that time, who, according to the record, to which the court made reference in his opinion recorded in the transcript, joined Nancy in effectuating the settlement. We think that the chancellor was correct in his decision on the evidence. He decided on conflicting testimony, and we cannot say that he was manifestly wrong. Therefore, we affirm the decree of the lower court dismissing the petition filed by Wesley McCullum on behalf of Nancy McNair Moss on the merits. The court further ordered that the $1,000, and deed from Gavin, be deposited with the clerk, as stated supra, be returned to Nancy McNair Moss, all of which we consider to have been proper. But we modify the decree only so far as to reinstate the petition itself as being cognizable by the court, in view of what we have written above.

In passing, it is intimated in this record that one of the witnesses is a half brother to the intestate, Ada Bridges. If this be true, it could develop that Nancy McNair Moss made a fortunate settlement, indeed.

Affirmed, as modified.